# Exhibit A

## COMMONWEALTH OF MASSACHUSETTS
### TRIAL COURT

Worcester, ss.

Dudley Court Division of the
Trial Court

---

Jorge Marcano,

            Plaintiff,

v.

RadioShack Corporation

          Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

---

Plaintiff, Jorge Marcano, by and through his attorney, John L. Fink, as and for his Complaint,

alleges of his own knowledge and conduct and upon information and belief as to all other

matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover monetary damages, liquidated damages, interest and

   costs, including reasonable attorneys' fees as a result of Defendants' violation of the Fair

   Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and Massachusetts Wage and Hour

   laws (G.L. c. 149 §148, G.L. c. 149 §100 and 101, and G.L. c. 151 §1A).

2. Plaintiff brings this action under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

   and G.L. 148 Secton 149 for withholding overtime compensation at the rate of hourly pay

   plus one half times the regular rate of pay and compensating plaintiff's hours in excess of 40

   with only one half the regular rate of pay. Plaintiff did not meet the requirements for the

   fluctuating workweek exemption.

3. Plaintiff further seeks remuneration for Defendant's failure to pay accrued vacation time upon

   the Plaintiff's termination in violation G.L. c. 149, s. 148.

1

4. Plaintiff seeks remuneration for failure to pay Plaintiff's wages in full upon termination as required by G.L. c. 149, s. 148.

5. Plaintiff has obtained a private right of action from the Attorney General, attached hereto.

## JURISDICTION AND VENUE

6. This Court is proper because the claim is for matter jurisdiction pursuant because the Defendant has a store where most of the work was performed at 481 E Main St Bldg 1, Southbridge Plaza, Southbridge, MA, Worcester County, and the court has supplemental jurisdiction over the FLSA claims.

## THE PARTIES

7. RadioShack Corporation is a retail business with headquarters at 300 RadioShack Circle Fort Worth, TX 76102, and a registered Agent C/O Corporation Service Company, 84 State Street, Boston MA 02109.

8. The Plaintiff, Jorge Marcano, is an individual who resides at 116 River St. Southbridge, MA 01550. Plaintiff was formerly employed by Defendant as store manager of the Southbridge location from or about January 29, 2013 through April 21, 2014.

## FACTUAL ALLEGATIONS

9. The primary job responsibilities of the Plaintiff were retail related, and he was expected to open and operate the store as his primary job responsibility. Plaintiff had limited authority over several other store employees. Plaintiff was properly classified by RadioShack as "Salaried non-excempt."

10. At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s) (1).

11. During Plaintiff's employment the Defendant directly or indirectly hired the Plaintiff; controlled his work schedule and conditions of employment; determined the rate and method

of the payment of his wages; trained the plaintiff on how to perform his job functions, and kept at least some records regarding the Plaintiff's employment.

12. At all times material and relevant herein, Defendants controlled the work schedule, duties, protocols, applications, assignments and conditions of employment of Plaintiff.

## FIRST CLAIM FOR RELIEF
### (Non-Payment and Late Payment of Final Wages)

13. Plaintiff repeats and realleges previous paragraphs of the Complaint, as if fully set forth herein.

14. Plaintiff was paid an annualized salary of $29,850.08.

15. Plaintiff gave notice of his intent to leave the company effective 4/30/2014 on April 21, 2014.

16. On April 23, 2014 Plaintiff was terminated.

17. Plaintiff was not given his final paycheck on the date of his termination in violation of G.L. c. 149, s. 148.

18. Plaintiff was not paid his salary for his final week of employment, which would have been $574.04, plus commissions.

19. Instead, Plaintiff was paid $429.23, plus commissions. This figure was arrived at by dividing the Plaintiff's normal weekly salary by 50 hours, and multiplying the result, $11.48(08) by 40 hours.

20. As a result of the foregoing, Plaintiff was illegally deprived of regular compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation.

3

## SECOND CLAIM FOR RELIEF
### (Non-Payment of Vacation Time)

21. Plaintiff repeats and realleges previous paragraphs of the Complaint, as if fully set forth herein.

22. At the time of termination Plaintiff was owed vacation time approximating one week.

23. Plaintiff did not receive payment for his vacation time in violation of G.L. c. 149, s. 148 and Attorney General Advisory 99/1.

24. As a result of the foregoing, Plaintiff was illegally deprived of regular compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation.

## THIRD CLAIM FOR RELIEF
### (Non-Payment of Overtime Wages)

25. Plaintiff repeats and realleges previous paragraphs of the Complaint, as if fully set forth herein.

26. As part of a common practice, Plaintiff was required to work at least 50 hours a week.

27. Throughout Plaintiff's employment, Plaintiff was paid overtime only equal 1/2 his regular rate of pay, often being between $3 and $4 per hour.

28. Plaintiff's workweek did not fluctuate.

29. The Plaintiff and defendant did not share a clear and mutual understanding of how the Plaintiff's weekly compensation was to be paid regardless of the hours worked.

30. As a result of the foregoing, Plaintiff was illegally deprived of regular and overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of

total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's

fees and other compensation pursuant to 29 U.S.C § 216(b) and G.L. 149 section 148B, and

section 151.

## JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for declaratory relief and damages as follows:

A. Judgment for damages for all unpaid regular wages and overtime compensation under the applicable law and the relating regulations.

B. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid regular wages and overtime compensation owed to the Plaintiff during the applicable statutory period.

C. Judgment for liquidated damages pursuant to the Massachusetts Wage and Hour Laws G.L c. 149 sec. 150 and c. 151 secs. 1B and 20, as detailed in this complaint, and the relating regulations.

D. Judgment for any and all civil penalties to which Plaintiffs may be entitled.

E. Such other and further relief as to this Court may deem necessary, just and proper.

Respectfully Submitted:
Plaintiff, by its Attorney:

Dated: Monday, August 04, 2014          By: _____

John L. Fink, Esq. (BBO #683290)
(508) 433-0529
18 Lyman St. Suite 208
J&N Professional Building
Westborough MA 01581
JFink@WestboroLawyer.com



**MARTHA COAKLEY**
**ATTORNEY GENERAL**

## THE COMMONWEALTH OF MASSACHUSETTS
### OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

July 28, 2014

Mr. Jorge Macano
c/o John Fink
18 Lyman Street Suite 208
Westboro, MA 01581

RE:     Private Right of Action – Jorge Macano
        Authorization for Immediate Private Suit – RadioShack Corporation

Dear Mr. Macano:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

This letter is to inform you that we carefully reviewed the complaint and have determined that the proper resolution of this matter may be through a private suit in civil court.   Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws, chapter 149, sec. 150 and chapter 151, secs. 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws.   If you elect to sue in civil court, you may bring an action on your clients' behalf and others similarly situated, and they may obtain injunctive relief, treble damages for any loss or wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of the complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against the employer *as well as against the president, treasurer of the corporation and any officers or agents having the management of such corporation,* immediately, as permitted by Massachusetts General Laws chapters 149 and 151.   This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Bruce M. Trager

Bruce Trager
Assistant Attorney General
Fair Labor Division
(617) 727-2200 extension 2336

 **William Francis Galvin**
Secretary of the Commonwealth of Massachusetts 

# Corporations Division

## Business Entity Summary

**ID Number: 751047710**                    | Request certificate |    | New search |

**Summary for: RADIOSHACK CORPORATION**

| |
|---|
| **The exact name of the Foreign Corporation:** RADIOSHACK CORPORATION |
| **The name was changed from:** TANDY CORPORATION **on** 05-31-2000 |
| **Entity type:** Foreign Corporation |
| **Identification Number:** 751047710 |
| **Date of Registration in Massachusetts:** 04-18-1968 |
| **Last date certain:** |
| **Organized under the laws of: State:** DE **Country:** USA **on:** 12-19-1967 |
| **Current Fiscal Month/Day:** 12/31        **Previous Fiscal Month/Day:** 06/30 |
| **The location of the Principal Office:** <br><br> Address: 300 RADIOSHACK CIRCLE CF4-340 <br><br> City or town, State, Zip code, Country:   FT. WORTH, TX  76102   USA |
| **The location of the Massachusetts office, if any:** <br><br> Address: <br> City or town, State, Zip code, Country: |
| **The name and address of the Registered Agent:** <br><br> Name:   CORPORATION SERVICE COMPANY <br> Address: 84 STATE STREET <br> City or town, State, Zip code, Country:   BOSTON,  MA  02109   USA |
| **The Officers and Directors of the Corporation:** |

| Title | Individual Name | Address |
|---|---|---|
| PRESIDENT | JOSEPH C MAGNACCA | 300 RADIOSHACK CIRCLE FORT WORTH, TX 76102 USA |

| TREASURER | MARK W LARFIELD | 300 RADIOSHACK CIRCLE FORT WORTH, TX 76102 USA |
|---|---|---|
| SECRETARY | ROBERT C DONOHOO | 300 RADIOSHACK CIRCLE FORT WORTH, TX 76102 USA |
| DIRECTOR | FRANK J BELATTI | 6 CONCOURSE PKWY STE 1700 ATLANTA, GA 30328 USA |

**Business entity stock is publicly traded:**    ✓

**The total number of shares and the par value, if any, of each class of stock which this business entity is authorized to issue:**

| Class of Stock | Par value per share | Total Authorized | | Total issued and outstanding |
|---|---|---|---|---|
| | | No. of shares | Total par value | No. of shares |
| CWP | $ 1.00 | 650,000,000 | $ 650000000.00 | 146,033,796 |
| PNP | $ 0.00 | 1,000,000 | $ 0.00 | 0 |

**Consent**    **Confidential Data**    **Merger Allowed**    **Manufacturing**

**View filings for this business entity:**

ALL FILINGS
Amended Foreign Corporations Certificate
Annual Report
Annual Report - Professional
Application for Reinstatement

**View filings**

**Comments or notes associated with this business entity:**